Argued December 7, affirmed December 21, 1955

# BURKE *v.* OLSON
### 291 P. 2d 759

*C. N. Anderson,* Eugene, argued the cause for appellant. On the brief were Sims & Sims, Portland, and Frank B. Reid, Eugene.

*John E. Jaqua,* Eugene, argued the cause for respondent. On the brief were Evans, Thwing & Jaqua, Eugene.

PERRY, J.

This is an action for damages for personal injuries suffered by Gerald M. Burke, a minor, in an accident which occurred on February 1, 1952, at approximately 3 p. m., on Tenth avenue in the ctiy of Cottage Grove, Oregon. Tenth avenue runs in a generally northerly and southerly direction, with Harrison grade school situated on the west side of the avenue, and a parochial school maintained by the Seventh Day Adventist Church situated almost directly across on the east side of the avenue.

It appears from the record that through some agreement with the public school authorities pupils attending the Seventh Day Adventist school are permitted to ride Cottage Grove school buses to and from the Harrison school, these pupils being unloaded at the Harrison

school, and then finding their way to the Adventist school. The school buses load and unload at the public school in a designated zone on the west side of Tenth avenue in front of the Harrison public school.

At the time of the accident two school buses were parked in the loading zone, and a third bus, the one Gerald was to board for his return to his home, was approaching the loading zone. Gerald, who had been standing in line with other children preparatory to boarding the third bus, observed his mother across the street at the Adventist school; he left his place in the line, passing between the buses and on into the street for the purpose of going to his mother, and in so doing collided with the motor vehicle of the defendant which was proceeding along Tenth avenue in a northerly direction at approximately 10 miles per hour.

The jury returned a verdict for the defendant and the plaintiff has appealed.

■ Plaintiff assigns error in the refusal of the trial court to give the following requested instruction:

"I instruct you that if you find from the facts that the defendant, Olson, in operating his vehicle on said Tenth Street in Cottage Grove, Oregon met a school bus or school buses which had stopped for the purpose of receiving school children that he then should have completely stopped his vehicle before reaching the front of the first school bus, and that he should have remained stopped and should not proceed with his vehicle if and so long as any school children were crossing said Tenth Street.

"I instruct you that if the defendant failed to do this that he violated the statute, being Chapter 508 of the Oregon Laws of 1949 and then in such event, the defendant would be guilty of negligence per se, that is, he would be guilty of negligence as a matter of law."

The trial court instructed the jury on this phase of the controversy as follows:

"* * * all motor vehicle operators owe the duty to others to obey the commands of statutory law which for safety or protection of others commands or requires certain acts of conduct, or prohibits or forbids certain acts or conduct. And the failure, if you find any such failure to obey and comply with the requirements of any such statutory law is negligence per se on the part of such defaulting person. That means a violation or a failure to obey or comply with any such statutory law on the part of any person charged with obedience is negligence in and of itself, regardless of what a reasonable, careful and prudent person might or might not do in the absence of any such statutory law or provision.

"* * * * *

"Any person operating a motor vehicle upon any public highway not having more than two lanes upon meeting a school bus which has stopped on said highway or the shoulder thereof for the purpose of receiving or discharging any school children shall completely stop the vehicle before reaching the front of said bus or any point in said highway extended from the front of said bus across and at right angles to the center line of said highway; and said operator shall not proceed with said vehicle if and so long as any school children are leaving the school bus or crossing the highway.

"Now, in connection with this statutory law it is provided that a school bus means any vehicle having seating accommodations for eight passengers or more, while exclusively engaged in transporting school children. And the words "school bus" in letters not less than eight inches in heigth [sic] and of appropriate width must be displayed in conspicuous place on the front and rear of the bus.

"School children means any student going to or from any school or authorized school activity or function."

In these instructions given by the court the subject matter of the plaintiff's requested instruction was adequately covered. No error is committed by a trial court if the subject matter of the requested instruction is adequately set forth in the language of the trial court, and not in the requested language of a party. *Hicklin v. Anders,* 201 Or 128, 140, 253 P2d 897, 269 P2d 521, and cases cited therein.

■ The plaintiff also assigns as error the giving of the following instruction relative to the defendant's charge of contributory negligence by the plaintiff:

"And there was a city ordinance in effect, as it is conclusively shown from the evidence, in the City of Cottage Grove, which it was the plaintiff's duty to obey. That law provides that it shall be unlawful for any pedestrian to cross any of the streets in Cottage Grove at any other place than the regular intersection crossing in line with the property line of said street upon any area which would be covered by the sidewalk if extended."

The record discloses that the city of Cottage Grove had, pursuant to authority granted by the legislature as set forth in ORS 483.210 (4), passed an ordinance reading as follows:

"Section 14: That it shall be unlawful for any pedestrian to cross any of the streets in Cottage Grove at any other place than the regular intersection crossing, in line with the property line of said street, upon any area which would be covered by the sidewalk, if extended."

The record further discloses that such a defined pedestrian crossing existed across Tenth avenue approximately 350 feet south of the place where the accident occurred.

It is the plaintiff's contention that this ordinance is in conflict with ORS 485.020, and that the statute

must prevail over the ordinance. The statute is as follows:

"Except when meeting such bus on a highway having more than two lanes, any person operating a motor vehicle upon any public highway, upon meeting or overtaking a school bus which has stopped on the highway or the shoulder thereof for the purpose of receiving or discharging any school children, shall completely stop the vehicle before reaching the point in the highway described in subsection (2) of this section, and shall not proceed with the vehicle if and so long as any school children are leaving the school bus or crossing the highway."

Plaintiff reasons that the statute is not only a prohibition against drivers of motor vehicles meeting and passing school buses or passing school buses from the rear while the bus is stopped to receive or discharge passengers, but that it is also an authorization for school children to pass across the highway while the bus is stopped.

The difficulty with plaintiff's position is that, even if his assertions of law are correct, they are not applicable to the facts in issue. The above statute refers only to school children who are crossing a street or highway for the purpose of either boarding the bus or leaving the bus to attend school or reach their homes. In the present case, Gerald Burke was doing neither. Keeping in mind that before the accident Gerald was on the west side of the street where the buses were loading, his testimony on direct examination is as follows:

"Q Now, you say your Mother was on the other side of the street?

"A Yes.

"* * * * *

"Q Where were you going though when you left the sidewalk on the Harrison School side?

"A I was going to go across the street.

"Q  To where your Mother was?
"A  Yes."

■ Having no purpose of his own to perform within the purview of the act, Gerald's action in crossing Tenth avenue was that of any other person in Cottage Grove wishing to cross the street. Whenever a person would claim a right arising from a statutory enactment, he must bring himself within the purview of the act. *Nichols v. Union Pacific R. R. Co.,* 196 Or 488, 250 P2d 379.

The judgment is affirmed.